HENRY E. CLIFFORD v. COUNTY OF HALL.

FILED SEPTEMBER 19, 1900.    No. 9,161.

1. **County Judge: SUPREME COURT REPORTS: OWNERSHIP.** Under the provisions of section 20, chapter 19, Compiled Statutes, 1899, the various reports of the supreme court, distributed and received by the county judges of the different counties of the state, as therein mentioned, belong to the office, and not to the individual; the right of possession and custody thereof being in the incumbent of the office, and passing from the outgoing to the incoming officer.

2. **Interest of County: REPLEVIN.** A county as a municipal corporation has no such interest in or right of possession to the reports of the supreme court, distributed to county judges in accordance with law, as will authorize it to maintain replevin proceedings against one who wrongfully retains possession of the same.

ERROR to the district court for Hall county. Tried below before THOMPSON, J. *Reversed.*

*Henry E. Clifford,* for himself:

There is no law authorizing or requiring that the county judge should turn over to his successor in office

said reports, and wherever the legislature has designed that any books furnished to any officer should be turned over to his successor in office, it has said so in express terms. See Compiled Statutes, 1895, ch. 47, sec. 4; Code of Civil Procedure, sec. 1089.

*Fred W. Ashton, contra:*

The plaintiff in error's second defense is that the county of Hall has no right of possession; and can not maintain this action. Let us see. The county judge is a county officer. His office is permanently located at the county seat, and in the county court house. His records are furnished by the county. When a vacancy occurs in the office, the county board fills the vacancy by appointment. It would seem that the records of this office, of all others, belong to the county, and the moment a volume of the state reports is sent to the county judge it becomes the property of the county.

Holcomb, J.

The plaintiff in error, defendant in the trial court, for three terms of two years each, was the county judge of Hall county, the defendant in error. At the expiration of his term of office he retained possession of eighteen volumes of the Nebraska reports, received by him in his official capacity as county judge, during his term of office as aforesaid. The county demanded possession of the books as owner thereof, which was resisted by the defendant, and replevin proceedings were thereupon instituted. The essential facts are stipulated by the parties. It is conceded that the property in controversy came into the possession of the defendant as county judge, and during his incumbency of the office as such, under the provisions of section 20, chapter 19, Compiled Statutes, 1899, which reads as follows: "The supreme court reports shall be deposited in the state library. Copies thereof shall be distributed to each judge of the supreme, dis-

trict, and county court, to each state and territorial library, to each officer of the executive department of this state, and to each judge of the United States district and circuit courts of this state; and to the library of congress, two copies." A proper construction of the provisions of this section, as affecting the office mentioned, is all that is necessary in determining the case. In doing this we have endeavored to apply only the general rule as to construction of statutes, and give to the language used its plain and obvious meaning. In *State v. Moore*, 45 Nebr., 12, it is said: "In the interpretation or construction of statutes, ascertainment of the intention of the legislature is the end or purpose to be accomplished." It appears clear to us that the legislature intended to distribute, and possibly donate, these reports to the several officers named, in an official and not individual capacity; that the books are distributed or allotted to the offices of the various county judges, to be used by the person occupying each office, as fully and effectually as it was clearly its intention to have like copies donated to the various libraries therein specifically mentioned. In *Follmer v. Nuckolls County*, 6 Nebr., 204, in the second paragraph of the syllabus, the following language is used: "As a primary rule, the intention of the legislature is to be collected from the words; if the words are not explicit, it may be gathered from the occasion and necessity of the law. Words are to be interpreted with reference to the general object and scope of the statute." It is to be presumed that the legislature intended to serve some wise and beneficial purpose when making the provisions which it did upon this subject. It certainly would require a difficult and uncertain process of reasoning to arrive at the conclusion that the legislative intendment was that each officer temporarily filling the different positions for which provisions are made in said section should have at his command only that portion of the complete set of the reports which happened to be published while he was in office. These pub-

lications serve their highest degree of usefulness only when all the volumes issued up to any given time are collected and arranged consecutively in one library, and it is evident that the legislature so intended. It is not necessary for us to here determine whether it was the intention of the legislature to make a donation outright to the several offices of county judge throughout the state, or to distribute such books to be held and kept in trust by the incumbents of the offices for the state, in whom the title remains undivested. That question is not before us, and it is unnecessary to determine it. Certain it is that the county judge, as between himself and all others, except the state, has the right to the possession of such property, and a possessory title sufficient to maintain an action for the recovery of the possession from those wrongfully withholding the same. It is probably also true that the obligation of a retiring county judge to turn over to his successor in office, with the other property belonging thereto, all of the supreme court reports received during his term of office may be enforced by other appropriate proceedings brought for that purpose. We are of the opinion, however, that the county as a municipal corporation has no such interest in, or right of possession to, the property mentioned as will authorize it to maintain an action in replevin for the recovery of the possession. If the county has such title as would authorize it to maintain replevin to recover possession thereof, it would logically and legally follow that, its right to the property being thus established, it might retain the possession of the books for the use of its county commissioners, or turn them over to the county attorney, or some other officer not contemplated by the statute under consideration, or make other use of its possession thereof, and thus defeat the object of the statute. For these reasons the county can not maintain its action in the present case, and the judgment of the lower court must be reversed and the case dismissed.

We have deemed it incumbent upon us to express our

views as to a proper interpretation of the statute under consideration more fully than otherwise might seem appropriate, because of the public interest involved in a controversy of this character.

REVERSED AND DISMISSED.